*CLAUDIA MORRIS COLLINGS v. FRANK E. DAVIS.

**Devise of Income of $18,000 to Worthy Poor Payable at Rate of $10. per Month Invalid, Fails to Create Charitable Trust.**

A clause in a will providing: "The surplus money he (the executor) shall apply at the rate of $10.00 a month during the winter months, to buy flour and coal for worthy poor," where said surplus money amounts to $18,000, is incapable of execution, invalid and insufficient to create a charitable trust.

[Syllabus by the court.]

ERROR to common pleas court.

*Laubscher & Kees,* for plaintiff in error:

Attempted bequest is vague, indefinite and uncertain. *Adye* v. *Smith,* 44 Conn. 60 [26 Am. Rep. 424]; *Holland* v. *Alcock,* 108 N. Y. 312 [16 N. E. Rep. 305; 2 Am. St. Rep. 420]; *Read* v. *Williams,* 125 N. Y. 560 [26 N. E. Rep. 730; 21 Am. St. Rep. 748]; *Beekman* v. *Bonsor,* 23 N. Y. 298 [80 Am. Dec. 269]; *American Tract Soc. (Treas.)* v. *Atwater,* 30 Ohio St. 77 [27 Am. Rep. 422]; *LePage* v. *McNamara,* 5 Iowa 124; *Moran* v. *Moran,* 104 Iowa 216 [73 N. E. Rep. 617; 39 L. R. A. 204; 65 Am. St. Rep. 443]; *Grimes* v. *Harmon,* 35 Ind. 198 [9 Am. Rep. 690]; *Cruse* v. *Axtel,* 50 Ind. 49; *Craig* v. *Secrist,* 54 Ind. 419; *Erskine* v. *Whitehead,* 84 Ind. 357; *McHugh* v. *McCole,* 97 Wis. 166 [72 N. W. Rep. 631; 40 L. R. A. 724; 65 Am. St. Rep. 106]; *Heiss* v. *Murphey,* 40 Wis. 276; *Prichard* v. *Thompson,* 95 N. Y. 76 [47

---

*Affirmed, no op., **Davis** v. **Collings,** 87 O. S. 504.

Collings v. Davis.

Am. Rep. 9] ; *Power* v. *Cassidy*, 79 N. Y. 602 [35 Am. Rep. 550] ;.
*O'Hara, In re,* 95 N. Y. 403 [47 Am. Rep. 53] ; *Goddard* v.
*Pomeroy*, 36 Barb. (N. Y.) 546; *Bridges* v. *Pleasants*, 39 N. C. (4
Ired. Eq.) 26 [44 Am. Dec. 94] ; *Brennan* v. *Winkler*, 37 S. C.
457 [16 S. E. Rep. 190] ; *Fuller, In re,* 75 Wis. 431 [44 N. W..
Rep. 304] ; *McAlister* v. *Burgess*, 161 Mass. 269 [37 N. E. Rep..
173; 24 L. R. A. 158] ; *Dashiell* v. *Attorney-General*, 5 Har. & J.
(Md.) 392 [9 Am. Dec. 572] ; *White* v. *Fisk*, 22 Conn. 31; *Bristol.*
v. *Bristol*, 53 Conn. 242 [5 Atl. Rep. 687] ; *Hughes* v. *Daly*, 49'
.Conn. 34; *Ingraham* v. *Sutherland*, 89 Ark. 596 [117 S. W. Rep..
748].

No trust is created. *Bowen* v. *Bowen*, 38 Ohio St. 426; *Mc-
Neill* v. *Hagerty,* 51 Ohio St. 255 [37 N. E. Rep. 526; 23 L. R..
A. 628] ; *Conway* v. *Armington*, 11 R. I. 116; *Cornwall* v. *Todd,.*
38 Conn. 443; *Hawley, In re,* 104 N. Y. 250 [10 N. E. Rep. 352] ;.
*Bird* v. *Merklee*, 144 N. Y. 544 [39 N. E. Rep. 645; 27 L. R. A..
423] ; *Wetmore* v. *Parker*, 52 N. Y. 450; 6 Cyc. 954.

Ohio cases reviewed. *Miller* v. *Teachout*, 24 Ohio St. 525 ;·
*American Tract Soc.* v. *Atwater*, 30 Ohio St. 77 [27 Am. Rep.
422] ; *Heiss* v. *Murphey*, 40 Wis. 276; *Hunt* v. *Edgerton*, 29 O.
C. C. 377 (9 N. S. 353) ; *Hadley* v. *Hadley*, 147 Ind. 427 [46
N. E. Rep. 823] ; *Hunt* v. *Fowler*, 121 Ill. 269 [12 N. E. Rep. 331 ;,
17 N. E. Rep. 491].

*C. W. Swartzel,* for defendant in error :

Construction of wills, primary and paramount rule. *Richey*
v. *Johnson*, 30 Ohio St. 288; *Starling* v. *Price*, 16 Ohio St. 29.;.
*Parker* v. *Parker*, 13 Ohio St. 95; *Mather* v. *Copeland*, 7 Dec. 257
(5 N. P. 151) ; *King* v. *Beck*, 15 Ohio 559; *Williams* v. *Veach*, 17
Ohio 171 [49 Am. Dec. 453] ; *Jewett* v. *Jewett*, 12 Circ. Dec. 131
(21 R. 278) ; 14 Michie's Dig. 634; *Devenney* v. *Devenney,* 74
Ohio St. 96, 100 [77 N. E. Rep. 688].

Bequests for charitable purposes favored. *Hunt* v. *Edger-
ton*, 29 O. C. C. 377 (9 N. S. 353) ; *Hunt* y. *Fowler*, 121 Ill. 269'
[12 N. E. Rep. 331; 17 N. E. Rep. 491] ; *Miller* v. *Teachout*, 24
Ohio St. 525; *McIntyre Poor School (Tr.)* v. *Manufacturing Co..*
9 Ohio 203 [34 Am. Dec. 436] ; *Landis* v. *Wooden*, 1 Ohio St. 160'
[59 Am. Dec. 615] ; *Zanesville Canal & Mfg. Co.* v. *Zanesville,.*

20 Ohio 483; *O'Neal* v. *Caulfield,* 8 Dec. 248 (5 N. P. 149) ; *Cincinnati* v. *McMicken,* 3 Circ. Dec. 409 (6 R. 188) ; affirmed, no op., *McMicken* v. *Cincinnati,* 29 Bull. 168; *Sowers* v. *Cyrenius,* 39 Ohio St. 35 [48 Am. Rep. 418].

Charitable trusts, public charity defined. *Gilmour* v. *Pelton,* 5 Dec. Re. 447 (6 Am. L. Rec. 26) ; *Mannix* v. *Purcell,* 10 Dec. Re. 817 (10 Bull. 337) ; *Gerke* v. *Purcell,* 25 Ohio St. 229 ; *Sowers* v. *Cyrenius,* 39 Ohio St. 29 [48 Am. Rep. 418] ; *Meyers* v. *Akins,* 4 Circ. Dec. 425 (8 R. 228) ; *United Presbyterian Theological Seminary* v. *Little,* 25 O. C. C. 609 (2 N. S. 540) ; 6 Cyc. 900, 940, 949 ; *Watterson* v. *Halliday,* 15 Dec. 271 (2 N. S. 693).

Bequests to the poor. Page, Wills 639, 647; *Grant* v. *Saunders,* 121 Iowa 80 [95 N. W. Rep. 411; 100 Am. St. Rep. 310] ; *Scott* v. *Marion Tp. (Tr.),* 39 Ohio St. 153; *Thompson* v. *Brown,* 25 Ky. Law Rep. 371 [75 S. W. Rep. 210] ; *Tincher* v. *Arnold,* 147 Fed. Rep. 665 [77 C. C. A. 649; 7 L. R. A. (N. S.) 471; 8 Ann. Cas. 917] ; *Kronshage* v. *Varrell,* 120 Wis. 161 [97 N. W. Rep. 928] ; *Hunt* v. *Edgerton,* 29 O. C. C. 377 (9 N. S. 353), affirmed; no op., *Edgerton* v. *Hunt,* 75 Ohio St. 594; *Missionary Society's Appeal,* 30 Pa. St. 425; *Russell* v. *Allen,* 107 U. S. 163 [2 Sup. Ct. Rep. 327; 27 L. Ed. 397] ; 2 Story, Eq. Jur. Sec. 1181; 5 Am. & Eng. Enc. Law 905, 911; Perry, Trusts 735, 748; *Sawtelle* v. *Witham,* 94 Wis. 412 [69 N. W. Rep. 72] ; *Rotch* v. *Emerson,* 105 Mass. 431; *Mills* v. *Newberry,* 112 Ill. 123 [54 Am. Rep. 213] ; *Beekman* v. *Bonsor,* 23 N. Y. 298 [80 Am. Dec. 269] ; *Miller* v. *Porter,* 53 Pa. St. 292; *Harrington* v. *Pier,* 105 Wis. 485 [82 N. W. Rep. 345; 50 L. R. A. 307; 76 Am. St. Rep. 924].

Power of selection in testamentary trustee. *Miller* v. *Teachout,* 24 Ohio St. 525; *Witman* v. *Lex,* 17 Serg. & R. 88; *Kinike's Estate,* 155 Pa. St. 101 [25 Atl. Rep. 1016] ; *Vidal* v. *Girard,* 43 U. S. (2 How.) 127 [11 L. Ed. 205] ; *Erskine* v. *Whitehead,* 84 Ind. 357, 360; *Hesketh* v. *Murphy,* 36 N. J. Eq. 304.

Meaning of words "worthy poor." *Hunt* v. *Fowler,* 121 Ill. 269 [12 N. E. Rep. 331; 17 N. E. Rep. 491] ; *Fay* v. *Howe,* 136 Cal. 599 [69 Pac. Rep. 423] ; *Kasey* v. *Fidelity Trust Co.* 131 Ky. 604 [115 S. W. Rep. 737] ; *Nilson, In re,* 81 Neb. 809 [116 N. W. Rep. 971] ; *Grant* v. *Saunders,* 121 Iowa 80 [95 N. W. Rep. 411; 100 Am. St. Rep. 310].

### Collings v. Davis.

Want of geographical limitation as to beneficiaries. *LePage* v. *McNamara*, 5 Iowa 124; *Moran* v. *Moran*, 104 Iowa 216 [73 N. W. Rep. 617; 39 L. R. A. 204; 65 Am. St. Rep. 443]; *Grimes* v. *Harmon*, 35 Ind. 198 [9 Am. Rep. 690]; *Fuller, In re*, 75 Wis. 431 [44 N. W. Rep. 304]; *Heiss* v. *Murphey*, 40 Wis. 276; *Prichard* v. *Thompson*, 95 N. Y. 76 [47 Am. Rep. 9]; *Goddard* v. *Pomeroy*, 36 Barb. (N. Y.) 546; *Read* v. *Williams*, 125 N. Y. 560 [26 N. E. Rep. 730; 21 Am. St. Rep. 748]; *Bridges* v. *Pleasants*, 39 N. C. (4 Ired. Eq.) 26 [44 Am. Dec. 94]; 2 Pomeroy, Eq. Jurisp. Sec. 1029.

Power is given the executor to select individual beneficiaries. *Hinckley's Estate, In re*, 58 Cal. 457; *Treat's Appeal*, 30 Conn. 116; *Guilfoil* v. *Arthur*, 158 Ill. 600 [41 N. E. Rep. 1009]; *Bartlet* v. *King*, 12 Mass. 536 [7 Am. Dec. 99]; *Simpson* v. *Welcome*, 72 Me. 496 [39 Am. Rep. 349]; *Hesketh* v. *Murphy*, 36 N. J. Eq. 304; *Pickering* v. *Shotwell*, 10 Pa. St. 23; *Clement* v. *Hyde*, 50 Vt. 716 [28 Am. Rep. 522]; *New Haven Institute* v. *New Haven*, 60 Conn. 32 [22 Atl. Rep. 447]; *Bronson* v. *Strouse*, 57 Conn. 147 [17 Atl. Rep. 699]; *Taylor, In re*, 36 Wis. 534; *Dodge* v. *Williams*, 46 Wis. 70 [1 N. W. Rep. 92; 50 N. W. Rep. 1103]; Perry, Trusts Sec. 732.

General American rule. *Doughten* v. *Vandever*, 5 Del. Ch. 51; *Hunt* v. *Fowler*, 121 Ill. 269 [12 N. E. Rep. 331; 17 N. E. Rep. 491]; *Erskine* v. *Whitehead*, 84 Ind. 357; *Nilson, In re*, 81 Neb. 809 [116 N. W. Rep. 971]; *Burr* v. *Smith*, 7 Vt. 241 [29 Am. Dec. 154]; *Leggett* v. *Perkins*, 2 N. Y. 297; *McIntyre Poor School (Tr.)* v. *Manufacturing Co.* 9 Ohio 203 [34 Am. Dec. 436]; *Sowers* v. *Cyrenius*, 39 Ohio St. 29 [48 Am. Rep. 418]; *Speer* v. *Colbert*, 200 U. S. 130 [26 Sup. Ct. Rep. 201]; *Tincher* v. *Arnold*, 147 Fed. Rep. 665 [77 C. C. A. 649; 7 L. R. A. (N. S.) 471; 8 Ann. Cas. 917]; *Miller* v. *Teachout*, 24 Ohio St. 535.

## WINCH, J.

This was an action to construe a will containing the following provision:

"The surplus money he (the executor) shall apply at the

rate of $10.00 a month during the winter months, to buy flour and coal for worthy poor.''

The surplus money mentioned amounts to $18,000.

The common pleas court held that this clause of the will creates a legal charitable trust to be administered by the executor, as trustee, who is vested with power to apply, distribute and disburse the fund, and incidental authority to select from the class named, to wit: ''worthy poor,'' the particular objects, or individual beneficiaries of the testatrix' bounty.

We think this judgment was erroneous.

This clause of the will is incapable of execution. It clearly means that the executor is to expend $30 or $40 each year in buying flour and coal for the worthy poor; the suggestion that he is to give $10 to each poor person he selects, is not sustained by any reading of the plain terms of the will.

Now, the interest on $18,000 at 4 per cent is $720, so that this fund, after paying out $40, would accumulate at the rate of $680 a year, and yet the plain language of the will is that the principal of the fund shall be expended for the benefit of the worthy poor.

It is clear the testatrix had no idea that the ''surplus'' of her estate would be so large. She doubtless thought a few hundred dollars would be left which the executor could spend in the manner mentioned, within a very few years, if not in one winter. The direction to expend the principal of the fund does not warrant the creation, by construction, of a perpetual and increasing charitable fund, to be administered at the insignificant rate of $40 per year for all time to come.

The two thoughts are contradictory, and so, as said, the will is incapable of execution.

There are other reasons why this clause of the will is invalid; the beneficiaries are not restricted to any locality, but embrace the whole world. The executor might very reasonably take the fund and depart with it to China, there to expend it at the rate of $10 per month, during the winter months, if they have any winter there, for the benefit of the worthy poor of China, who exist, we are told, in millions.

On this point, as well as upon the proposition contended

Collings v. Davis.

for by counsel for plaintiff in error, that the will gives no power to the executor to select beneficiaries, (which we think is well taken) see authorities cited in his brief.

There are cases both ways upon these points, and counsel for the executor has marshalled the authorities sustaining his views of the will in an exceedingly able brief, but our views of the peculiar and ambiguous wording of this particular will preclude our reaching any other conclusion than that the terms of this will cannot possibly be carried out.

As there are no disputed questions of fact in the case, it follows not only that the judgment of the common pleas court should be reversed, but that judgment should here be entered in favor of the heir at law.

Judgment reversed and judgment for plaintiff in error.

**Marvin** and **Henry, JJ.,** concur.